## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| **LUIS GARCIA** | ) |
| | ) |
| **Red Lion, PA 17356** | ) |
| | ) |
| *Plaintiff,* | )     **Case No. 19-2905** |
| | ) |
| v. | ) |
| | ) |
| **BALTIMORE CITY POLICE DEPARTMENT** ) | |
| **242 W. 29th Street,** | ) |
| **Baltimore, MD 21211** | ) |
| | ) |
| *Defendant.* | ) |
| | ) |
| **Serve:** | ) |
| | ) |
| **The Baltimore City Law Department** | ) |
| **Office of Legal Affairs** | ) |
| **C/O City Hall, Room 101** | ) |
| **100 N. Holliday St., Suite 101** | ) |
| **Baltimore, MD 21202** | ) |
| | ) |
| **Baltimore Police Headquarters** | ) |
| **601 E Fayette St.** | ) |
| **Baltimore, MD 21202** | ) |
| | ) |

## COMPLAINT

COMES NOW Plaintiff, Luis Garcia, by and through his undersigned counsel and

complains as follows:

## <u>INTRODUCTION</u>

1.      This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000 *et seq.* ("Title VII") and the Civil Rights Act of 1866, Section

1981(a) ("Section 1981") for the Defendant's unlawful discrimination and harassment

based on race (Hispanic), national origin (Dominican), sex (male), and sexual harassment, as well as retaliation against Plaintiff for his engagement in statutorily-protected activity.

## JURISDICTION AND VENUE

2. This Honorable Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. §§ 1331 as it asserts a claim that arises under the Constitution, laws or treaties of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and Section 1981, to redress and enjoin employment practices of the Defendant.

3. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343.

4. Venue is appropriate because a substantial part of the actions complained of are the result of actions and employment practices of Defendant, which operates in Baltimore, Maryland.

5. Additionally, venue is proper in the District of Maryland Court pursuant to 28 U.S.C. §§ 1391(b) and (e) because a substantial part of the wrongful conduct complained of herein occurred in this District, Defendants transact substantial business in this District, and Defendants maintain employment records related to this action in the District of Maryland.

## EXHAUSTION OF REMEDIES

6. Plaintiff has exhausted all of his administrative remedies.

7. Plaintiff filed a complaint with the Baltimore Field Office of the U.S. Equal Employment Opportunity Commission (EEOC) on December 17, 2018, alleging race, national origin, sex discrimination, sexual harassment, and retaliation.

8.  A Right-to-Sue letter (dated July 3, 2019) was issued to Plaintiff from the EEOC which Plaintiff received on July 5, 2019.

9.    Accordingly, Plaintiff timely files this action in accordance with the Notice of Rights, which provided Plaintiff the right to file this Complaint within 90 days of receipt of the Notice.

## NATURE OF ACTION

10. Plaintiff brings this action to secure the protection of his rights granted under the statutes mentioned above, to redress deprivation of rights thereunder, and to obtain such other relief as is necessary to redress the injury to Plaintiff resulting from Defendant's violation of those statutes.

11. Plaintiff's damages are significant, including, but not limited to, the loss of reputation, career advantage, emotional tranquility and denial of his constitutional and statutory rights.

12. The action seeks declaratory and injunctive relief, as well as compensatory and punitive damages, both to secure future protection and to redress the past deprivation of rights guaranteed to Plaintiff.

## PARTIES

13.    Plaintiff, Luis Garcia ("Plaintiff" or "Officer Garcia"), is a Hispanic male who resides in Pennsylvania, and commutes to Baltimore City in Maryland for work.

14.    Defendant is a municipal police force, whose jurisdiction encompasses Baltimore, Maryland, the State's largest city.

15. The BPD is the 8th largest municipal police force in the United States, staffed by nearly 3,100 civilian and sworn personnel. The Department's jurisdiction covers Maryland's largest city, with a population of 611,648.

16.    Officer Garcia works at the City of Baltimore City Police Department ("BPD") and is a

member of Baltimore City Lodge No. 3, Fraternal Order of Police ("FOP"), which is a

Maryland corporation that is designated as the exclusive representative of Baltimore Police

Officers holding the ranks of police officer, police agent, flight officer, police sergeant,

police lieutenant, and detective. The relationship between employer representative BCPD

and employee representative Lodge is governed by a Collective Bargaining Agreement

("CBA" or "Agreement").

17. Memorandum of Understanding I ("MOU I") covers Unit I employees, which include

Police Officers.

18. The Baltimore City Lodge No. 3, Fraternal Order of Police, Unit II ("Lodge") provides

labor management relations, establishes leave and salary requirements, work hours

database management for those employed by the police department.

19. During the relevant period, Defendant employed Plaintiff.

20.  During the relevant period, Plaintiff was Defendant's employee within the meaning, and

entitled to the protections of Title VII.


## FACTUAL ALLEGATIONS

21. Plaintiff has been employed by Defendant, Baltimore City Police Department ("BPD")

from April 8, 2014 until present, as a Police Officer.

22. Plaintiff, Luis Garcia, is a Hispanic male, who has previously engaged in statutorily

protected activity.

23. Based on reason and belief, there is a pattern and practice of discrimination, against

Hispanic males, by the Defendant.

24.   On or about January of 2018, Officer Garcia was assigned to Central District to desk duty in a limited capacity.

25.   Upon being assigned to the Central District, Officer Garcia met Sergeant ("Sgt.") Jasmin Rowlett (African American, female), who was not his direct supervisor, but was a Sergeant who would check in on him and other Police Officers in order to be helpful.

26.   Shortly after these brief and innocent encounters with Sgt. Rowlett, Officer Garcia was told of rumors that he was engaging in a sexual relationship with Sgt. Rowlett, which was untrue.

27.   On numerous occasions, Sergeant Craig Taylor (African American, male), Officer Garcia's supervisor, directly accused Officer Garcia, to his face, of having sex with Sgt. Rowlett, and taunted him about it.

28.   During these taunts, Sergeant Taylor used offensive and abusive language, making comments such as, "you Spanish guys think y'all can take all of our Black girls," " you Dominican boys think every girl want y'all.", and "which one of you Spanish guys is fucking Sgt. Rowlett?"

29.   Officer Garcia believes that this harassment was allowed to persist because of his race, national origin, and sex.

30.   Although the rumors about Plaintiff were untrue, the Defendant demonstrated differential treatment towards him based on race, national origin, and sex. Specifically, Sergeant Brian Kratz (Caucasian, male) and Officer Ashely Acord (Caucasian, female) dated while Sergeant Kratz was her direct supervisor, which was known to the entire Department, yet they were not harassed about it, no adverse actions were taken against them, and no Internal Affairs investigations were initiated against them.

31. Defendant has not taken any steps to abate the harassment and disparate treatment and has instead taken action to retaliate against Officer Garcia by charging him with fraternization with Sergeant Rowlett.

32. Officer Garcia believes that he was charged with fraternization because of his race, national origin, and sex, because there are many other Officers that have a close relationship with colleagues in the Department that have not been charged with such conduct, such as Sergeant Gregory Ostrander (Caucasian, male) and Christopher Amsel (Caucasian, male); Lieutenant John Jackson (African American, male) and Sergeant Antwan Davis (African American, male); and Sergeant Taylor (African American, male) and Officer Latasha McBride (African American, female).

33. Despite overt instances of actual fraternization between and among, and favoritism by Caucasian males, Plaintiff, as a Hispanic male, was formally charged with fraternization based on rumors, alone.

34. It appears that the Department only takes issues with colleagues who have personal relationships or friendships, when the parties involved are from different races or ethnicities.

35. Officer Garcia believes that he was moved from Sector II to Sector I in retaliation for his complaints, because on numerous occasions, Officer Garcia requested that his supervisor, Sergeant Taylor, stop spreading rumors about him having a sexual relationship with Sergeant Rowlett.

36. Despite Officer Garcia's objection to this sexually harassing conduct, discriminatory remarks, and hostile work environment, Defendant ignored his complaints.

37. On or about December 2018, shortly after receiving Officer Garcia's written complaint for the third time, Defendant placed Officer Garcia on unpaid medical leave with no

explanation.

38. During his forced unpaid administrative leave, Plaintiff was subjected to persistent Return to Duty Fitness assessments, which served as a rubber stamp for the Defendant's apparent desire and concerted efforts, to keep him out of work, in retaliation for his statutorily-protected activity.

39. During these exams, the physician would only conduct a cursory assessment of Plaintiff for two-to-three minutes, and issued a determination that Plaintiff was unfit to return for duty.

40. During the approximate nine months that Officer Garcia was out of work on unpaid leave, he repeatedly requested an update from the Defendant's physician regarding his return to work status, update, and reason for being placed out of work in the first place.

41. Plaintiff even submitted independent medical assessments which corroborated his assertions that he was fit for duty, but no action was taken to return him back to work.

42. Plaintiff developed emotional distress as a result of the discrimination and harassment in his work environment, and advised the Defendant, accordingly.

43. Then, on or about August 2019, miraculously, Officer Garcia was advised that his leave status had changed, without explanation; despite the fact that none of his previously reported circumstances had changed.

44. Sergeant Rowlett and Officer Garcia have not engaged in any inappropriate actions, they have not engaged in any romantic relationships, and outside of work only have a plutonic friendship.

45. Based on reason and belief, there is a pattern and practice of discrimination, against Hispanic males, by the Defendant.

46. Defendant has engaged in or perpetuated a long-standing pattern and practice of discrimination against Hispanic male officers on the basis of race, national origin, and sex by:

    a.   maintaining and allowing a hostile work environment, including, but not limited to, subjecting Hispanic male officers to severe and pervasive racially and sexually derogatory remarks and actions; commencing unwarranted and unfounded investigatory/disciplinary proceedings against Hispanic male officers; imposing overly severe disciplinary penalties; refusing to transfer Hispanic male officers to a different unit to escape harassment; and attacking the credibility of those who have opposed discriminatory practices;

    b.   engaging in a pattern of retaliatory actions against Hispanic male officers, who complained about or otherwise opposed racially and sexually hostile acts or other misconduct by non-Hispanic male police officers;

    c.   by facilitating the imposition of unfounded, unwarranted and overly severe and disparate penalties, such as: (i) suspension from the force and/or of police powers, (ii) refusal to accept fitness for duty certifications, and (iii) refusal to provide backup on calls.

### *The Baltimore Police Department Discriminated and Retaliated Against Plaintiff*

47. Plaintiff has filed internal complaints with BPD and a complaint with the EEOC in opposition to the various discriminatory, harassing, and retaliatory employment practices seemingly sanctioned by the Defendant.

48. Officer Garcia has consistently been a vocal advocate against the discrimination and unfair treatment of Hispanic male Officers at the BPD, like himself.

49.  As a result, the BPD created a targeted scheme to silence Officer Garcia by undermining his credibility, not backing him up on calls, transferring him to a different Sector as punishment, and charging him with fraternization.

50.  Defendant's discriminatory and retaliatory practices have been effectuated in violation of Title VII of the Civil Rights Act and Section 1981.

51.  The Defendant continually engaged in actions that reinforced the "good ole' boy" system, where it is acceptable for Caucasian men to engage in conduct, even if it violates policy, without being held accountable, yet if Hispanic males are even rumored to engage in similar conduct or actions, they are subjected to punitive measures, adverse and hostile treatment, and put out of work for rumored actions that Caucasian males and females openly engage in.

52.  The Defendants' discriminatory and retaliatory practices have been effectuated in violation of both Title VII of the Civil Rights Act and Section1981.

53.  Plaintiff has suffered significant emotional distress and loss of income as a result of the discrimination by Defendant.


## COUNT I

### VIOLATION OF TITLE VII – RACE DISCRIMINATION

54.  Plaintiff re-alleges and incorporates by reference each and every allegation in the paragraphs above, as if fully set forth herein.

55.  Plaintiff is a member of a protected class as a Hispanic male.

56.  Because of his race, Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint under Title VII.

57.  Defendant's foregoing unlawful adverse actions materially affected the terms, privileges

and conditions of Plaintiff's employment.

58. Defendant knew that Plaintiff was Hispanic prior to the adverse actions described throughout the Complaint and was aware or should have been aware of the discrimination Plaintiff was subjected because of his race.

59. Plaintiff has been treated differently and subjected to different terms and conditions of his employment due to his race.

60. Defendant has limited, segregated and classified Plaintiff in a way that deprived him of employment opportunities and otherwise adversely affected his status as an employee because of his race.

61. Other employees who were similarly situated, but members of a class (Caucasian and African American) different than Plaintiff, have been treated more favorably than Plaintiff in the terms and conditions of employment.

62. Plaintiff's race was a determining factor in Defendant's unlawful conduct toward Plaintiff.

63. Plaintiff's race was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

64. The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

65. Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his race.

66. Defendant discriminated against Plaintiff because of his race by engaging in, tolerating or failing to prevent race discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

67. Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the

theory of *Respondeat Superior*.

68. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

69. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature.

70. Further, Defendant's treatment and actions were ongoing.

71. Plaintiff has incurred lost wages, loss of reputation, defamation of character, and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff not contributing in any way thereto.

72. Similarly situated Caucasian employees were not subjected to the same, similar, or any adverse treatment as Plaintiff.

73. Baltimore City Police Department must comply with Title VII, and by and through their conduct, have violated Title VII.

## COUNT II

## VIOLATION OF TITLE VII – NATIONAL ORIGIN DISCRIMINATION

74. Plaintiff re-alleges and incorporates by reference each and every allegation in the paragraphs above, as if fully set forth herein.

75. Plaintiff is a member of a protected class as a Hispanic male.

76. Because of his national origin, Plaintiff was subjected to the unlawful conduct and adverse

actions alleged throughout this Complaint under Title VII.

77.   Defendant's foregoing unlawful adverse actions materially affected the terms, privileges and conditions of Plaintiff's employment.

78.   Defendant knew that Plaintiff was Hispanic prior to the adverse actions described throughout the Complaint and was aware or should have been aware of the discrimination Plaintiff was subjected because of his national origin.

79.   Plaintiff has been treated differently and subjected to different terms and conditions of his employment due to his national origin.

80.   Defendant has limited, segregated and classified Plaintiff in a way that deprived him of employment opportunities and otherwise adversely affected his status as an employee because of his national origin.

81.   Other employees who were similarly situated, but members of a class (Caucasian) different than Plaintiff, have been treated more favorably than Plaintiff in the terms and conditions of employment.

82.   Plaintiff's national origin was a determining factor in Defendant's unlawful conduct toward Plaintiff.

83.   Plaintiff's national origin was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

84.   The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

85.   Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his national origin.

86.   Defendant discriminated against Plaintiff because of his national origin by engaging in,

tolerating or failing to prevent national origin discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

87. Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

88. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

89. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature.

90. Further, Defendant's treatment and actions were and still are ongoing.

91. Plaintiff has incurred lost wages, loss of reputation, defamation of character, and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff not contributing in any way thereto.

92. Similarly situated Caucasian employees were not subjected to the same, similar, or any adverse treatment as Plaintiff.

93. Baltimore City Police Department must comply with Title VII, and by and through their conduct, have violated Title VII.

## COUNT II

### VIOLATION OF TITLE VII – SEX DISCRIMINATION

94. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

95. As a man, Plaintiff is a member of a protected class.

96. Because of his sex, Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint under Title VII.

97. Defendant's foregoing unlawful adverse actions materially affected the terms, privileges and conditions of Plaintiff's employment.

98. Defendant knew that Plaintiff was a man prior to the adverse actions described throughout the Complaint and was aware or should have been aware of the discrimination Plaintiff was subjected because of his sex.

99. Plaintiff has been treated differently and subjected to different terms and conditions of his employment due to his sex.

100. Defendant has limited, segregated and classified Plaintiff in a way that deprived him of employment opportunities and otherwise adversely affected his status as an employee because of his sex.

101. Other employees who were similarly situated, but members of a class (Women) different than Plaintiff, have been treated more favorably then Plaintiff in the terms and conditions of employment.

102. Plaintiff's sex was a determining factor in Defendant's unlawful conduct toward Plaintiff.

103. Plaintiff's sex was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

104. The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant

cannot further offer any legitimate reason for its unlawful conduct.

105. Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his sex.

106. Defendant discriminated against Plaintiff because of his sex by engaging in, tolerating or failing to prevent sex discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

107. Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

108. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

109. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature.

110. Further, Defendant's treatment and actions were ongoing.

111. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff not contributing in any way thereto.

## COUNT III

### VIOLATION OF TITLE VII – SEXUAL HARRASSMENT
### (HOSTILE WORK ENVIRONMENT)

112.  Plaintiff re-alleges and incorporates by reference each and every allegation in the
paragraphs above, as if fully set forth herein.

113.  The actions and conduct of the above-described perpetrators as set forth herein created a
sexually hostile, offensive and intimidating work environment and detrimentally affected
Plaintiff.

114.  The actions and conduct by the above-described perpetrators as set forth herein were severe
and pervasive and based on Plaintiff's sex as a male, and constituted discrimination based
on sex.

115.  The actions and conduct described herein would have detrimentally affected a reasonable
person of the same sex in Plaintiff's position.

116.  Defendant knew or should have known of the sexual harassment described herein.

117.  Defendant has failed to address the problems and further failed to implement effective and
appropriate measures to stop the sexual harassment.

118.  By failing to conduct a prompt and thorough investigation of Plaintiff's allegations of
sexual harassment, by failing to redress the sexual harassment by Lt. Jackson and Sergeant
Taylor, by consciously failing to protect Plaintiff from sexual harassment, and by punishing
Plaintiff for his complaints of sexual harassment, Defendant exacerbated the sexually
hostile work environment Plaintiff suffered, and intentionally discriminated against
Plaintiff in violation of Title VII and the Equal Protection Clause of the Fourteenth
Amendment to the United States Constitution.

119.  Defendant's actions, and failure to act, amounted to sex discrimination under Title VII and

the Equal Protection Clause of the Fourteenth Amendment to the United States

Constitution. The Equal Protection Clause of the Fourteenth Amendment abrogates the

states' Eleventh Amendment sovereign immunity. Title VII, through the 1972 amendment

known as the Equal Employment Opportunity Act ("EEOA"), provides an enforcement

remedy for equal protection violations of state employees through Section 5 of the

Fourteenth Amendment.

120. As a direct result of Defendant's unlawful acts of sexual harassment, Plaintiff has suffered

damages, including but not limited to lost wages and emotional and mental distress.

## COUNT IV

### VIOLATION OF TITLE VII – RETALIATION

121. Plaintiff re-alleges and incorporates by reference each and every allegation in the

paragraphs above, as if fully set forth herein.

122. Soon after complaining, Plaintiff was subjected to the unlawful conduct and adverse

actions alleged throughout this Complaint in violation of Title VII.

123. Defendant subjected Plaintiff to the aforementioned adverse employment actions because

of his participation and opposition to the unlawful and discriminatory employment

practices of Defendant in violation of Title VII.

124. Defendant, including Plaintiff's supervisors, knew of Plaintiffs engagement in protected

activity prior to engaging in the aforementioned adverse actions, when they were informed

by Plaintiff, by an EEOC representative, or otherwise engaged in the complaint process.

125. The adverse retaliatory actions to which Plaintiff has been subjected are a direct result of

Plaintiff having previously engaged in protected EEOC activity.

126. Plaintiffs prior protected activity was a determining factor in Defendant's unlawful conduct toward Plaintiff.

127. Plaintiff's prior protected activity was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

128. Similarly situated employees (no known prior EEOC activity) were not subjected to the same, similar or any adverse treatment.

129. The adverse treatment that Plaintiff was being subjected to by Defendant was obvious to his co-workers who could and did observe the distress that the treatment caused Plaintiff.

130. Defendant's unlawful conduct has created a climate of fear and intimidation for Plaintiff and other employees, which creates a chilling effect in violation of Title VII.

131. The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

132. Defendant's unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment.

133. Defendant's retaliatory conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his participation and opposition to Defendant's discriminatory conduct.

134. Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior.*

135. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages - including but not limited to past and future loss of income, benefits, promotion and

promotional opportunities, career opportunities, medical expenses and costs - and is entitled to all available legal and equitable remedies.

136. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature.

137. Further, Defendant's treatment and actions were and still are ongoing.

138. Plaintiff has incurred lost wages, loss of reputation, defamation of character, and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

139. Baltimore City Police Department must comply with Title VII, and by and through their conduct, violated the law.

140. The reasons proffered by Defendants for their unlawful conduct are pretextual and Defendant cannot offer any legitimate reason for their unlawful conduct.

141.  Defendant is directly liable for the discriminatory acts or omissions of its employees while acting within the court and scope of their employment, under the theory of *Respondeat Superior*.

142.  Defendant's actions were intentional, reckless, and malicious.

143.  As a direct and proximate cause of Defendant's conduct alleged throughout this complaint, Plaintiff suffered and continues to suffer from harm, injury, and monetary damages— including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, and career opportunities—and is entitled to all available legal and equitable remedies.

144. Plaintiff was humiliated, embarrassed, and made to ensure a great amount of pain and suffering. Plaintiff's injury is permanent in nature.

145. Further, Defendants actions were and still are ongoing.

146. Plaintiff has incurred lost wages, loss of reputation, defamation of character and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff not contributing in any way thereto.

## COUNT V

## VIOLATION OF SECTION 1981

147. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

148. As an a Hispanic, Plaintiff is a member of a protected class.

149. Because of his race (Hispanic), Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint under Section 1981.

150. Defendant's foregoing unlawful adverse actions materially affected the terms, privileges, and conditions of Plaintiffs employment.

151. Defendant knew that Plaintiff is Hispanic prior to the adverse actions described throughout the Complaint and was aware or should have been aware of the discrimination Plaintiff was subjected to because of his race.

152. Plaintiff has been treated differently and subjected to different terms and conditions of his employment due to his race (Hispanic).

153. Defendant has limited, segregated, and classified Plaintiff in a way that deprived him of employment opportunities and otherwise adversely affected his status as an employee, because of his race (Hispanic).

154. Other employees who were similarly situated, but members of a different class than Plaintiff, have been treated more favorably then Plaintiff in the terms and conditions of employment.

155. Plaintiff's race was a determining factor in Defendant's unlawful conduct toward Plaintiff.

156. The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

157. Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his race (Hispanic).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Luis Garcia, respectfully prays that this Court grant him the following relief:

a.) Enter a declaratory judgement finding that the foregoing actions of Defendant violated Title VII and Section 1981.

b.) Enter a permanent injunction directing Defendant to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein and to prevent similar occurrences in the future;

c.) Award back pay and compensatory damages in amounts to be determined by the jury that would fully compensate Plaintiff for the economic loss, loss of promotional potential, reputation, lost wages, lost job benefits; physical and psychological injury, humiliation, embarrassment; and mental and emotional distress caused by the conduct of the Defendants alleged herein;

d.) Award Plaintiff reasonable attorneys' fees and costs incurred in this action; and

e.) Order such other relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable herein.

Respectfully submitted,

By:     /s/ Dionna Maria Lewis
        Dionna Maria Lewis, Esq.
        (Bar No. 19486)

        District Legal Group, PLLC
        700 Pennsylvania Ave SE, Suite 2098
        Washington, D.C. 20003
        Tel.  (202) 486-3478 |
        DistrictLegalGroup@gmail.com

        *Counsel for Officer Luis Garcia*